UNITED STATES DISTRICT COURT
FILED
AUG 1 3 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRONE MITCHELL,

Plaintiff,

v.

24-CV-609 (JLS)

MS. JULIE WOLCOTT, *Superintendent at Attica Correctional Facility*; J.P. MARTIN, *Author of Report CO at Attica Correctional Facility*; EVAN BUREN, *Tier III Hearing Officer at Attica Correctional Facility*; JOHN DOE, *Officer assigned to pack and transfer plaintiff's property to SHU at Attica Correctional Facility*; JOHN DOE, *Package Room Officer at Upstate Correctional Facility*; JOHN DOE, *DSS at Upstate Correctional Facility*; JOHN DOE, *Assigned Physician at Upstate Correctional Facility*; JOHN DOE, *Health Services Commissioner Albany Regional Office*; JOHN DOE, *New York State Correctional Officers and Police Benevolent Association, Inc.*; JOHN DOE, *Commissioners and Directors*,

Defendants.

**DECISION AND ORDER**

*Pro se* plaintiff Tyrone Mitchell is incarcerated at the Clinton Correctional Facility. He filed this action seeking relief under 42 U.S.C. § 1983. Dkt. 1.

Mitchell also filed a motion for leave to proceed *in forma pauperis* ("IFP") with the required affirmation, certification, and authorization. Dkt. 2. Because Mitchell meets the requirements of 28 U.S.C. § 1915(a) and filed the required

documents, he is granted permission to proceed IFP. The Court, therefore, screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b).

For the below reasons, the claims against John Doe, Package Room Officer at Upstate Correctional Facility ("Upstate"); John Doe, DSS at Upstate; and John Doe, Assigned Physician at Upstate are severed and transferred to the Northern District of New York.

The deprivation of property claim against John Doe, Officer assigned to pack and transfer plaintiff's property to SHU at Attica Correctional Facility ("Attica") is dismissed without prejudice to litigation in state court.

Claims for monetary damages against Ms. Julie Wolcott; J.P. Martin; Evan Buren; John Doe, Health Services Commissioner Albany Regional Office; John Doe, New York State Correctional Officers and Police Benevolent Association, Inc.; and John Doe, Commissioners and Directors (collectively, "the Attica Defendants") in their official capacities are dismissed without leave to amend; all remaining claims against these Defendants are dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, but with leave to amend.

Mitchell is granted leave to amend his complaint, within the parameters discussed below, by **September 28, 2026**.

# DISCUSSION

## I. Legal Standards

### A. Review Under the IFP Statutes

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b)(1)–(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless [it] can rule out any possibility, however unlikely . . . , that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation modified). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

When evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). A "court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), but even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires the complaint to contain a short and plain statement showing that the plaintiff is entitled to relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a *pro se* complaint need not provide every last detail in support of a claim, but it must allege sufficient facts to support the claim. *See Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012) (district court properly dismissed *pro se* complaint under Section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*); *accord Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (setting forth same standard of review).

**B. Rule 8**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8(a)(2), the complaint "should be plain

because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The statement also "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

**C. Section 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir. 1994)). Section 1983 "creates no substantive rights[, but] provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

## II. Analysis

### A. Claims Arising in the Northern District of New York

Mitchell asserts claims against Upstate officials. Upstate is located in Franklin County;[1] therefore, venue for these claims lies in the Northern District of New York. *See* 28 U.S.C. § 112(a). Mitchell appears to assert inadequate medical care, deprivation of property, and supervisory liability claims against the *Upstate Defendants*. *See* Dkt. 1, at 25–42. He appears to allege procedural due process, deprivation of property, and supervisory liability claims against the *Attica Defendants*. *Id.* at 11–31.

Mitchell acknowledges that the Upstate Defendants do not reside in this district, but contends that venue is proper in the Western District because the "events at Upstate . . . would not have occurred and injured plaintiff had Attica's incident not transpired." Dkt. 1, at 5. Essentially, Mitchell seeks to join the Upstate Defendants, arguing that he should be allowed to prosecute the unrelated claims against the Upstate officials here, in the Western District because, but-for the conduct of the Attica Defendants—prosecuting a false misbehavior report that resulted in his transfer to Upstate— the Upstate defendants would not have violated his right to constitutionally adequate medical care.[2] *Id.* at 3–5. The Court is not persuaded.

---

[1] *See* https://doccs.ny.gov/location/upstate-correctional-facility.

[2] The conclusion is no different because Mitchell asserts deprivation of property and supervisory liability claims against both the Upstate and Attica Defendants. These claims are based on different events that occurred in different locations—and, in any event, deprivation of property and *respondeat superior* claims are not actionable

Under Federal Rule of Civil Procedure 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009). A plaintiff may join multiple defendants in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts have interpreted Rule 20(a) liberally, particularly when the case involves a *pro se* litigant, but "the mere allegation that [the p]laintiff was injured by all [of the d]efendants 'is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'" *Deskovic*, 673 F. Supp. 2d at 167 (citation modified).

Joining Mitchell's claims against the correction officers at Attica with his claims against the correction officers at Upstate does not comply with Rule 20(a) because the allegations involve different defendants, separate events occurring at different facilities, and completely different claims—procedural due process at Attica and medical care at Upstate. The Attica claims, therefore, are not logically connected to the Upstate claims. *See, e.g.*, *Pettus v. Wright*, No. 04-CV-6203, 2007 WL 148755, at *3 (W.D.N.Y. Jan. 11, 2007) (disallowing joinder where claims arose

---

under Section 1983. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (*respondeat superior* liability is not available in a Section 1983 action); *Wahid v. Mogelnicki*, 406 F. Supp. 3d 247, 249 (E.D.N.Y. 2017) (deprivation of property by a state actor does not support a claim under Section 1983 if "adequate state post-deprivation remedies are available").

from alleged mistreatment of the plaintiff at two separate correctional institutions because the plaintiff did not "demonstrate[] any connection between the defendants[,]" and there was no apparent "relation between the factual background [underlying the claims]"); *Smith v. Goord*, No. 04-CV-6432, 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that the original defendants were involved in actions taken against plaintiff at a different facility more than one year later).

A court can sever any claim against a party and proceed with that claim separately. *See* Fed. R. Civ. P. 21. When deciding whether to sever a claim, courts should consider:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for the separate claims.

*Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

"A claim may be severed based upon lack of a significant relationship between defendants or solely for the purpose of facilitating transfer." *Cain v. N.Y. State Bd. of Elections*, 630 F. Supp. 221, 225 (E.D.N.Y. 1986). "Where the administration of justice would be materially advanced by severance and transfer, a court may properly sever the claims against one or more defendants . . . [to permit]

the transfer of the action against other defendants." *Id.* at 225–26. Courts have "broad discretion" regarding whether to sever and transfer claims. *Id.* at 226.

As discussed above, claims related to incidents that occurred during Mitchell's Upstate confinement are more appropriately heard in the Northern District. Those claims are separate and distinct from the alleged wrongdoing that arose when he was confined in this District (at Attica) and will require different witnesses and documentary proof. Thus, pursuant to Rule 21 and 28 U.S.C. § 1404(a), the Court severs the claims arising from Mitchell's Upstate confinement from this action and transfers them to the Northern District.

**B. Deprivation of Property**

Mitchell asserts a deprivation of property claim against John Doe, Officer assigned to pack and transfer plaintiff's property to SHU at Attica. Dkt. 1 at 35-38. A claim based on an alleged deprivation of personal property is not cognizable in federal court. "Deprivation of property by a state actor, whether done intentionally or negligently, will not support a due process claim redressable under § 1983 if 'adequate state post-deprivation remedies are available.'" *Wahid*, 406 F. Supp. 3d at 249 (quoting *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009) (summary order)). Because a remedy is available to Mitchell under the New York Court of Claims Act, the claim against John Doe, Officer assigned to pack and transfer plaintiff's property to SHU at Attica is dismissed without prejudice to litigation in state court. *See Jones v. D.O.C.C.S.*, No. 20-CV-1682-LJV, 2021 WL 1910239, at *10 (W.D.N.Y. May 12, 2021) (dismissing inmate's deprivation of property claim

without leave to amend since remedies exist under Section 9 of the New York Court of Claims Act).

**C. Official Capacity**

Mitchell sues the Attica Defendants in both their individual and official capacities. *See* Dkt. 1, at 5–7. Unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citation modified). Because "a judgment against a public servant in his official capacity imposes liability on the entity that he represents[,]" *id.* at 169 (citation modified), this "rule of immunity extends to cases where the action is in essence one for the recovery of money from the state, even when individual [state] officials are the nominal defendants," *Williams v. Marinelli*, 987 F.3d 188, 197 (2d Cir. 2021) (citation modified).

A limited exception to the Eleventh Amendment's grant of sovereign immunity exists when a plaintiff seeks injunctive relief against a state official for an ongoing violation of federal law or the Constitution. *See Graham*, 473 U.S. at 167 n.14 (citing *Ex parte Young*, 209 U.S. 123 (1908)). The theory is that "such a suit is not 'one against the State' and, therefore, [is] not barred by the Eleventh Amendment." *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir. 2002) (quoting *Ex parte Young*, 209 U.S. at 154)).

Under the *Young* exception, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff "(1) alleges an ongoing violation of federal law; and (2) seeks relief properly characterized as prospective." *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020).

Because the Eleventh Amendment bars any claims for monetary damages against the Attica Defendants in their official capacities, the Court dismisses those claims, without leave to amend. Mitchell will have an opportunity to restate his request for relief—*e.g.*, to include a request for injunctive relief, if appropriate—in an amended complaint, and the Court will determine the effect of the Eleventh Amendment on any such claims when screening any amended complaint.

**D. Rule 8**

Screening Mitchell's remaining allegations would "place[] an unjustified burden on the court" because the Court would be "forced to select the relevant material from a mass of verbiage,'" including irrelevant commentary, Mitchell's restatements of law, and meandering assertions of innocence of allegations in a misbehavior report that was reversed and expunged from his prison record. *See Salahuddin*, 861 F.2d at 42. Accordingly, all remaining claims in Mitchell's complaint are dismissed for failure to comply with Rule 8. Based on the analysis above, any amended complaint is limited to claims against Wolcott; Martin; Buren; John Doe, Health Services Commissioner Albany Regional Office; John Doe, New York State Correctional Officers and Police Benevolent Association, Inc.; and John Doe, Commissioners and Directors.

To comply with Rule 8(a)(2), any amended complaint should tell the Court in a "short and plain" manner *who* violated Mitchell's federally or constitutionally protected rights and *how* they did so; *when* and *where* such violations occurred; *why* he is entitled to relief; and *what type* of relief he seeks (*e.g.*, money damages, injunctive relief, or declaratory relief). If his amended complaint is unnecessarily lengthy, redundant, and filled with immaterial information, the Court may summarily dismiss the amended complaint or strike portions of the amended complaint that the Court deems redundant or immaterial.

In sum, Mitchell may file an amended complaint that: "(1) provides a short and concise statement of his claims; and (2) does not attempt to impermissibly join unrelated claims against multiple defendants." *Webb*, 2013 WL 3243135, at *3.

**E. Additional Legal Requirements**

As explained above, Mitchell's complaint does not comply with Rule 8 and is dismissed on that basis. The Court, however, notes the following legal requirements, which may apply to any claims alleged in an amended complaint.

**1. Fourteenth Amendment: Procedural Due Process**

To state a cognizable Section 1983 procedural due process claim—*i.e.*, to show that he was disciplined without adequate due process as a result of a false misbehavior report—a plaintiff must allege facts demonstrating that (1) he possessed a protected liberty or property interest, and (2) he was deprived of that interest without constitutionally sufficient due process. *Kentucky Dep't of Corr. v.*

*Thompson*, 490 U.S. 454, 460 (1989); *accord Bangs v. Smith*, 84 F.4th 87, 97 (2d Cir. 2023).

A plaintiff can allege the liberty interest element with facts showing that the discipline the plaintiff received imposed an "atypical and significant hardship on the inmate in relation to ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *accord J.S. v. T'Kach*, 714 F.3d 99, 106 (2d Cir. 2013). Relevant allegations include facts describing both the conditions of any disciplinary confinement and the duration because "especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical." *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (quoting *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999)).

A plaintiff can allege the constitutionally sufficient due process element with non-conclusory factual allegations showing that he or she did not receive the process due under *Wolff v. McDonnell*, 418 U.S. 539 (1974). Under *Wolff*, an inmate appearing at a disciplinary hearing must receive 24 hours' written notice of the charges, the right to call witnesses and present documentary evidence, the aid of a staff member or inmate in presenting a defense, an impartial tribunal, and a written statement of the basis for the tribunal's decision. *Id.* at 563–67, 570–71. While true that a prison disciplinary finding of guilt must be based on "some reliable evidence," *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004), repeated insistence that a plaintiff is innocent of charges in a misbehavior report do not assist with analyzing whether the plaintiff received the process due under *Wolff*.

**2. Personal Involvement**

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that a defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, *respondeat superior* liability is not available in a Section 1983 action. *See Hernandez*, 341 F.3d at 144. There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, a plaintiff must plausibly allege "that each Government-official defendant, through [his or her] own individual actions, . . . violated the Constitution." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

**3. State Law Claims**

New York Correction Law § 24, divests federal district courts of subject-matter jurisdiction over state law claims for money damages asserted against Department of Corrections and Community Supervision ("DOCCS") employees who acted in the scope of their employment when the alleged violation occurred. Section 24 "mandate[s] that state law claims for damages for acts or omissions committed by DOCCS employees within the scope of their employment be brought exclusively in the New York Court of Claims as claims against New York State." *DeMeo v. Koenigsmann*, No. 11 CIV. 7099 HBP, 2015 WL 1283660, at *18 (S.D.N.Y. Mar. 20, 2015); *accord Flint v. Jun*, 541 F. Supp. 3d 284, 288 (W.D.N.Y. 2021) (collecting cases).

**ORDER**

IT HEREBY IS ORDERED that Mitchell's IFP motion (Dkt. 2) is granted; and it is further

ORDERED that the claims against John Doe, Package Room Officer at Upstate; John Doe, DSS at Upstate; and John Doe, Assigned Physician at Upstate are severed and transferred to the Northern District of New York. The deprivation of property claim against John Doe, Officer assigned to pack and transfer plaintiff's property to SHU at Attica is dismissed without prejudice to litigation in state court. Claims for monetary damages against Wolcott; Martin; Buren; John Doe, Health Services Commissioner Albany Regional Office; John Doe, New York State Correctional Officers and Police Benevolent Association, Inc.; and John Doe, Commissioners and Directors—all in their official capacities—are dismissed without leave to amend; and all remaining claims against these Defendants are dismissed with leave to amend.

The Clerk of Court shall terminate from this action: John Doe, Officer assigned to pack and transfer plaintiff's property to SHU at Attica; John Doe, Package Room Officer at Upstate; John Doe, DSS at Upstate; and John Doe, Assigned Physician at Upstate; and it is further

ORDERED that Mitchell is granted leave to file an amended complaint, as directed above, by **September 28, 2026**; and it is further

ORDERED that the Clerk of Court shall send to Mitchell this decision and order, a copy of the original complaint (Dkt. 1), a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that, if Mitchell does not file an amended complaint by **September 28, 2026**, the complaint shall be dismissed without prejudice and the Clerk of Court shall close this case without further order; and it is further

ORDERED that, if the complaint is dismissed because Mitchell fails to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and denies leave to appeal to the Court of Appeals as a poor person. *See Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that, pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Mitchell must notify the Court in writing if his address changes. Failure to do so may result in dismissal of the action.

Dated: August 13, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE